UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

WESTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS LOCAL NO. 25 PENSION FUND; INDIANA LABORERS PENSION FUND; IRON WORKERS DISTRICT COUNCIL OF WESTERN NEW YORK; VICINITY PENSION FUND; THE NEW JERSEY BUILDING LABORERS PENSION AND ANNUITY FUNDS; and HERB LAIR | ) ) ) ) ) ) ) ) ) | No. 4:09-cv-00405-JLH  <u>CLASS ACTION</u> |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| PAUL G. ALLEN, ELOISE SCHMITZ ; and NEIL SMIT, | ) ) ) | |
| Defendants. | ) ) | |

**LEAD PLAINTIFFS' MOTION FOR ENLARGEMENT OF
<u>TIME TO SERVE DEFENDANT PAUL G. ALLEN</u>**

Lead Plaintiffs Iron Workers Local No. 25 Pension Fund, Indiana Laborers Pension Fund, and Iron Workers District Council of Western and Vicinity Pension Fund (collectively, "Lead Plaintiffs"), by and through the undersigned, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, respectfully move for entry of an Order enlarging the time within which to serve defendant Paul G. Allen ("Allen") with a copy of the summons and complaint (the "Complaint"). In support thereof, Lead Plaintiffs state as follows:

1.      This is a putative securities class action brought against the defendants for alleged violations of the Securities Exchange Act of 1934.

2.      On June 1, 2009, a Complaint [Dkt. No. 1] was filed by plaintiff Herb Lair against defendants Allen, Eloise Schmitz ("Schmitz"), and Neil Smit ("Smit") (collectively, "Defendants").

3.      Also on June 1, 2009, the Clerk for this Court issued a summons for Allen (the "Summons"). A true and correct copy of the Summons is attached hereto as **Exhibit A**.

4.      Although Mr. Lair filed the Complaint, he did not attempt to serve Defendants. Accordingly, even though this Court had not yet appointed lead plaintiffs and lead counsel,[1] due to the 120-day deadline imposed by Rule 4(m), undersigned counsel, who never represented Mr. Lair, took the initiative to attempt to serve all of the Defendants in this action within the time period prescribed by the Rule. *See* Declaration of Stuart A. Davidson

---

[1]      On August 21, 2009, this Court entered an Order appointing Iron Workers Local No. 25 Pension Fund, Indiana Laborers Pension Fund, and Iron Workers District Council of Western and Vicinity Pension Fund as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995, and appointing Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel ("Lead Counsel") for Lead Plaintiffs [Dkt. No. 18].

in Support of Lead Plaintiffs' Motion for Enlargement of Time to Serve Defendant Paul G. Allen ("Davidson Decl."), at ¶5, filed contemporaneously herewith.

5.      On August 10, 2009, undersigned counsel successfully served defendants Schmitz and Smit with the Summons and Complaint. *See* Davidson Decl., at ¶6.

6.      Despite repeated and diligent efforts, as of the date of this motion, Lead Plaintiffs have been unable to serve Allen with the Summons and Complaint. *See* Davidson Decl., at ¶7.

7.      Lead Plaintiffs attempted to serve Allen at Charter Communications' corporate headquarters, his residence on Mercer Island, Washington, and at his other place of business, Vulcan, Inc. (Allen's private asset management company) in Seattle, Washington. True and correct copies of the Declarations of Non-Service are attached hereto as **Composite Exhibit B**; *see also* Davidson Decl., at ¶8. Evidently, Allen does not keep an office at Charter's headquarters, where he is Chairman of the Board, and, not surprisingly, has a security gate prohibiting entry to his $46 million home estate.

8.      In addition, Lead Counsel have contacted M. Samuel Jones, III of Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., counsel for defendants Smit and Schmitz, to determine whether counsel for Smit and Schmitz would accept service on behalf of Allen. Mr. Jones advised Lead Counsel that he has not been retained by defendant Allen and could not accept service on his behalf. *See* Davidson Decl., at ¶9.

9.      Rule 4(m) of the Federal Rules of Civil Procedure states that "if the plaintiff shows good cause for the failure [to serve the summons and complaint within 120 days], ***the court shall extend the time for service for an appropriate period***." Fed. R. Civ. P. 4(m)

(emphasis added); *see also Hackett v. Vinco, Inc.*, No. 4:08-CV-02518 BSM, 2009 WL 648525, at *2 (E.D. Ark. Mar. 10, 2009) (noting that "under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it ***shall*** extend the time for service.") (emphasis in original) (Miller, J.).

10.     "Good cause requires the party seeking enlargement to show good faith and a reasonable basis for noncompliance with the 120 day service requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (holding plaintiff had "good cause" for not serving defendants within 120-day time period) (citations omitted).[2] "The 120 day mandate imposed by Rule 4[m] was not meant to be enforced harshly or inflexibly." *Id.* "The rule was intended to be a useful tool for docket management, not as in instrument of oppression." *Id.* "Where plaintiff has made a reasonable effort to serve defendant, Congress intended that the 120 day deadline be extended." *Id.* (quoting *D'Amario v. Russo*, 750 F. Supp. 560, 563) (D.R.I. 1990) (citing *Geller v. Newell*, 602 F. Supp. 501, 502 (S.D.N.Y. 1984))).

11.     While attempting to serve defendant Allen, Lead Plaintiffs' process server learned that Mr. Allen may be traveling out of the country. *See* Davidson Decl., at ¶10. As such, Lead Plaintiffs may have to await Mr. Allen's return in order to continue attempts at service upon Mr. Allen.

---

[2]     *See also Broadway v. adidas Am., Inc.*, No. 3:07cv000149 SWW, 2008 WL 2705566, at *1 (E.D. Ark. July 10, 2008) ("the Court notes that Rule 4(m) grants discretion to a district court to extend the time for service of process even where there is no good cause shown.") (citing *Adams v. AlliedSignal Gen. Avaiation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996)) (Wright, J.).

12.     In further support of this motion, Lead Plaintiffs respectfully state that they properly served all other defendants in this action in compliance with Rule 4(m) and have diligently prosecuted this action.  True and correct copies of the Verified Returns of Process for defendants Smit and Schmitz are attached hereto as **Exhibits C** and **D**, respectively.

13.     Because the difficulty in serving Allen has not been due to any fault of, or lack of diligence by Lead Plaintiffs,  Lead Plaintiffs respectfully request a 120-day extension of time, through and including January 27, 2010, within which to serve Allen with a copy of the Summons and Complaint, or Lead Plaintiffs' complaint due to be filed November 13, 2009 [Dkt. No. 34].

WHEREFORE, Lead Plaintiffs respectfully request entry of the attached proposed Order granting the enlargement of time as requested above, and granting such other and further relief as the Court deems just and proper.

DATED: September 21, 2009

THE ASA HUTCHINSON LAW GROUP, PLC
W. ASA HUTCHINSON III
Arkansas Bar No. 2001115


_____*s/ W. Asa Hutchinson III*_____
W. ASA HUTCHINSON III

World Trade Center
3300 Market Street, Suite 404
Rogers, AR  72758
Telephone:  479/878-1600

Liaison Counsel for Plaintiffs

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DAVID J. GEORGE
STUART A. DAVIDSON
ROBERT J. ROBBINS
CULLIN A. O'BRIEN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 21, 2009.

*s/ W. Asa Hutchinson III*
W. ASA HUTCHINSON III

THE ASA HUTCHINSON LAW GROUP, PLC
E-mail:        ahutchinson@ahlawgroup.com